Mervyn JENKINS, Appellant,

v.

Dean CURNUTT, Collector, Respondent.

No. WD 34634.

Missouri Court of Appeals,
Western District.

April 17, 1984.

Wm. Harrison Norton, North Kansas City, for appellant.

Peter M. Somerville, Rock Port, Tom McBride, Tarkio, for respondent.

Before SHANGLER, P.J., and KENNEDY and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

The appellant owns approximately 500 acres of farm land in Atchison County, Missouri. He appeals the assessment of a tax of $2850.00 for the year 1981 against his land on behalf of a drainage district. He paid the tax under protest to the respondent Collector of Atchison County and then filed this suit within 90 days. Section 139.031.2 RSMo.1978.[1] The circuit court heard evidence on the appellant's claim and ruled in favor of the collector. Findings of fact or conclusions of law were not requested and not made. The facts will be considered to be found in accordance with the result reached by the trial court.

The West Langdon Drainage District was formed in May, 1980. Notice of the application to form a drainage district was published in *The Atchison County Mail,* a weekly county newspaper, on four consecutive weeks in March and April of 1980. The appellant was listed in the district's Articles of Association as one of ten landowners who would be benefited by the drainage, diking, ditching and pumping of the proposed drainage district. A majority of the listed landowners, not including appellant, signed the Articles of Association. Appellant Jenkins does not question on appeal that the requirements of Chapter 242 relating to the *formation* of drainage districts organized in circuit courts were not met. The record indicates that all statutory requirements were met leading to the court's judgment incorporating the drainage district. Section 242.010–242.030.

Appellant's protest letter of December 31, 1981 accompanying payment of his 1981 tax stated as grounds supporting his protest that "the West Langdon Drainage District was not properly organized as provided by Chapter 242 of the Missouri Statutes; that the Assessment and tax is incorrectly computed based upon the amount required to retire the bonds, interest and maintenance charges; and that the real estate of the taxpayer is not properly a part of the drainage district as provided by Chapter 242, and other statutes relating thereto."

At trial, over the objection of the respondent's attorney, the appellant sought to

---

**1.** The statute has since been amended. Laws of Missouri, 1983, p. 419. *See* Section 139.031 (Cum.Supp.1983).

prove that he received no personal notice of the formation of the drainage district until the receipt of the 1981 tax bill covering the assessment for the drainage district. He claims that § 242.030 (Cum.Supp.1983) relating to notice by publication violates due process of law in that no personal service on the landowners is required. Respondent argued both at trial and on appeal that the constitutional issue was not properly raised in that the protest letter did not include as grounds for complaint lack of notice as required by due process of law under the Fourteenth Amendment to the United States Constitution or under Article 1, Section 10 of the Missouri Constitution. Section 139.031.2 RSMo.1978. This court later denied the appellant's motion to transfer this case to the Missouri Supreme Court based upon his claim that § 242.030 was unconstitutional.

On appeal, the appellant claims error in 1) the failure to provide him with personal notice of the formation of the drainage district in violation of due process of law; 2) the unconstitutionality of § 242.030 which does not require personal notice; and 3) the court's refusal to admit evidence that he received no benefit from the drainage district, and rejecting his offer of proof that the lack of adequate notice constituted a material deprivation of his property without due process. As stated earlier, at the heart of his appeal is the argument that although the statutory requirements as to formation were met, those statutes, by not requiring personal notice to him, place a constitutional infirmity on the tax imposed by the district.

 Initial concern must focus upon whether the constitutional issue raised by the appellant has been properly preserved for appellate review.[2] A constitutional challenge to a statute would normally bring the appeal within the exclusive jurisdiction of the Missouri Supreme Court. Mo. Const. Art. V. § 3. Transfer from this court is not required where the constitutional challenge has not been properly raised *i.e.* in this case, as specifically required by statute. Section 139.031.1 RSMo.1978. *See State v. Danforth,* 654 S.W.2d 912, 917 (Mo.App.1983).

Section 139.031.1 RSMo.1978 provided that taxpayers who protest all or any part of an assessed tax "shall, at the time of paying such taxes, file with the collector a written statement setting forth the grounds on which his protest is based, and shall further cite any law, statute, or facts on which he relies in protesting the whole or any part of such taxes."[3]

 *Metal Form Corp. v. Leachman,* 599 S.W.2d 922 (Mo. banc 1980) controls this case. There the court held that the plaintiffs had not timely raised the issue of whether certain tax assessments violated Mo. Const., Art. X, §§ 3 or 6 where the protest letter accompanying payment of the tax referred only to Art. X, § 4(a) of the Missouri Constitution. The justification for strict compliance with § 139.031.1 can be found in the fact that governmental agencies are deprived of the use of the tax money paid under protest during the interim period in which the case is being resolved, and the taxpayer is not liable for

**2.** In addition to the constitutional question raised by appellant, a possible alternative basis for Supreme Court jurisdiction not suggested by the parties exists. The reviewability of the constitutional question turns upon whether or not the taxpayer met the requirements of a revenue law, § 139.031.1 RSMo.1978. Art. 5 § 3 of the Missouri Constitution provides for exclusive appellate jurisdiction for all cases involving "the construction of the revenue laws of this state." Because the Supreme Court in *Metal Form Corp. v. Leachman, supra,* has already decided that matters not raised specifically in the taxpayers protest letter (required by § 139.031.1 RSMo. 1978) are not preserved for appellate review, the

issue related to the revenue law is not real and substantial but merely colorable. Therefore, the appellate court is not divested of its jurisdiction. *See State v. Hurt,* 668 S.W.2d 206 at 210 (Mo.App.1984); *City of St. Louis v. Gavin,* 222 S.W.2d 531 (Mo.App.1949).

**3.** By 1983 amendment the statute has been changed to delete the portion requiring the taxpayer to cite to the law, statute, or facts he relies upon in his protest. Section 139.031.1 (Cum. Supp.1983). At the time appellant submitted his protest letter in December, 1981, however, the earlier statute was in effect.

interest or penalties should his challenge fail. *See Boyd-Richardson Co. v. Leachman*, 615 S.W.2d 46, 49 (Mo. banc 1981). For this reason *Leachman* found the then-existing § 139.031 to require that "payment under protest be on the basis of a then perceived specific entitlement to relief and not on the basis of a general claim which taxpayer hopes he may substantiate later by finding some justification and authority." 599 S.W.2d at 925.

■ Appellant's claim that his assertion in his protest letter that, "the West Langdon Drainage District was not properly organized as provided by Chapter 242," encompassed a due process challenge has no merit. He failed to properly raise his constitutional challenge to § 242.030 as required by § 139.031. It follows that the court's rejection of evidence relating to his constitutional challenge was not error. He simply failed to preserve any of his points attempted at trial and preserved here (constitutional issues or lack of benefits) by failing to include them in his protest under the existing statute.

The judgment is affirmed.

All concur.