**ACKERMAN BUICK, INC., et al., Appellants,**

v.

**ST. LOUIS COUNTY, Missouri, et al., Respondents.**

No. 70831.

Supreme Court of Missouri, En Banc.

June 13, 1989.

protest of the tax assessed against them on new motor vehicles pursuant to the provisions of § 139.031, RSMo 1978, paying the tax as required.[1] They filed a timely suit for recovery of the taxes paid. The circuit court denied the relief sought and the taxpayers filed an appeal in this Court.

On May 31, 1983 this Court handed down its opinion in *Ray Smith Ford Sales, Inc. v. Mitchell,* 651 S.W.2d 487 (Mo. banc 1983), holding that the tax was not properly assessed on new motor vehicles because the provision for special valuation of new vehicles was constitutionally infirm. This ground was not alleged in the appellants' protest of the 1979 taxes.

The appellants then took steps to take advantage of the *Ray Smith* decision. They did not try to amend or augment the protests previously filed, but did raise the *"Ray Smith"* point in their brief. The respondent challenged this, citing several cases.[2] The appellants then dismissed their appeal in the protest case the day before it was scheduled for argument in this Court, and filed a separate suit under the provisions of § 139.290, RSMo 1986, reading as follows:

> Wherever, in any county in this state, money has been collected under an illegal levy, the county commission of such county or counties is hereby authorized to refund the same by issuing warrants upon the fund to which said money had been credited, in favor of the person or persons who paid the same as shown by the collector's books; provided, that should the person in favor of whom any warrant or warrants are issued be dead or unable to appear in person, then the same shall be paid to his heirs or legal representatives; provided further, that

Donald S. Hilleary, Clayton, for appellants.

Dennis C. Affolter, Associate County Counselor, Thomas W. Wehrle, County Counselor, Clayton, for respondents.

BLACKMAR, Judge.

The appellants are automobile dealers in St. Louis County. In 1979 they filed a

---

1. Section 139.031 requirements are: (1) that payment of taxes in protest must be accompanied by a written statement setting forth the specific grounds on which a taxpayer's protest is based; (2) that the collector shall impound in a separate fund the monies in dispute; and (3) that the taxpayer protesting the payment of taxes must within 90 days after filing protest, commence an action against the collector, by filing a petition. These specific requirements have been complied with by the appellants.

2. The cases hold that, even if appellants had tried to amend, the attempt would have been futile as § 139.031(1) precludes any amendment of the original grounds for protest of taxes. *Boyd–Richardson Co. v. Leachman,* 615 S.W.2d 46 (Mo. banc 1981); *Metal Form Corp. v. Leachman,* 599 S.W.2d 922 (Mo. banc 1980); *Jenkins v. Curnutt,* 669 S.W.2d 81 (Mo.App.1984).

said county commission or commissions may, in their discretion, refund, in addition to the money collected, interest which may have accrued upon the same, not to exceed six percent; provided further, that before any levy shall be considered illegal, it shall have been so declared by the supreme court of the state of Missouri; provided further, that the provisions of this section shall only apply to those counties in which the money collected under said illegal levy is either in the county treasury or within the control of the county commission; provided further, that the county commission so refunding said money shall specify the time in which said money shall be refunded, and all warrants left on hand after the expiration of such time shall be by said county commission canceled, and the money and interest turned into the school fund of the county.

The petition also contained a count in unjust enrichment. The trial court dismissed the entire case on motion and the taxpayers appeal. We conclude that their claim falls within the express terms of § 139.290, and reverse and remand for further proceedings.

Section 139.290 was adopted by L.1891, p. 196 and has remained in effect in substantially its present form. It has seldom been construed,[3] but this case falls within its apparent scope because here a levy had been declared illegal by this Court. There might be a question as to whether refund pursuant to the terms of the statute was

mandatory or within the discretion of the county authorities, but the statutory language makes it clear that the payment of interest on the invalid taxes is discretionary. It is reasonable to assume that the legislature intended a different construction of the provisions relating to principal, and that refunds of the principal payments are required if the other conditions of the statute are met.[4]

The respondent argues that the taxpayers' exclusive recourse is to the provisions of § 139.031, RSMo 1986, citing several cases.[5] In none of these cases did the taxpayer argue that an action was available under the terms of § 139.290. None, furthermore, involved a levy declared "illegal" by this Court.

▮▮▮ The respondent goes on to argue that these taxpayers made a binding election when they filed the protest and that the dismissal of the protest suit was res judicata of their right to refund of the taxes in question. We do not agree. The protest could not have been amended after the *Ray Smith* decision, because the law does not allow additional grounds to be asserted.[6] Section 139.031 does not preclude resort to other statutory provisions which provide available routes for the recovery of taxes. *Homestake Lead v. Dir. of Revenue,* 759 S.W.2d 847 (Mo. banc 1988).

In *Homestake,* a taxpayer had paid income taxes. The director of revenue, relying on an intervening decision of this

---

**3.** There have been only two Missouri Supreme Court cases that have interpreted the provisions of § 139.290, RSMo 1986: *State ex rel. Caldwell v. Chicago & A.R. Co.,* 165 Mo. 597, 65 S.W. 989 (1901) and *State ex rel. American Mfg. Co. v. Reynolds,* 194 S.W. 878 (1917). Both of these cases do not address whether a § 139.290 remedy is available separate and apart from a § 139.031 protest, and are therefore not dispositive for the resolution of the present issue on appeal.

**4.** Section 139.290, RSMo 1986, requires: (1) that there be an illegal levy (as determined by the Missouri Supreme Court) and (2) that the disputed monies be either in the county treasury or within the control of the county commission before the county commission is authorized to refund the disputed monies.

**5.** *B & D Investment Company, Inc. v. Schneider,* 646 S.W.2d 759 (Mo. banc 1983); *Adcor Realty v. State Tax Commission,* 627 S.W.2d 604 (Mo. banc 1982); *Boyd–Richardson Co. v. Leachman,* 615 S.W.2d 46 (Mo. banc 1981); *Metal Form Corporation v. Leachman,* 599 S.W.2d 922 (Mo. banc 1980).

**6.** As noted earlier, past cases have strictly construed the statutory sections providing the tax appeal procedure and as such an amendment to appellant's original § 139.031 protest suit would not have survived. *Adcor Realty v. State Tax Commission,* 627 S.W.2d 604 (Mo. banc 1982); *Metal Form Corporation v. Leachman,* 599 S.W.2d 922 (Mo. banc 1980); *Boyd–Richardson Co. v. Leachman,* 615 S.W.2d 46 (Mo. banc 1981).

Court, assessed a deficiency. The taxpayer protested the deficiency, on grounds not relating to the intervening decision, and the protest was pending before the Administrative Hearing Commission when this Court abruptly overruled the decisions which had been the foundation for the deficiency assessment. The taxpayer then dismissed the protest proceedings, paid the taxes, and filed claim for refund pursuant to § 143.801, RSMo 1989. We held that the statute authorized the taxpayer to proceed in this way, because the refund statutes provided an alternate method for challenging the revenue authorities' interpretation of the income tax statutes.

Section 139.290, as has been pointed out, has been in place for nearly 100 years. It applies to the narrow situation in which a decision of this Court declares a levy of taxes to be invalid. Although the taxpayers could have included the argument ultimately accepted by this Court in *Ray Smith* in their protest, they are not precluded from taking advantage of a decision of this Court which affects their tax liabilities. We are unwilling to hold that § 139.290 has been repealed by implication by § 139.031.

The respondent asks us, as an alternative, to reconsider and overrule *Ray Smith.* We decline to do so. Even though the Court was sharply divided the case was thoroughly considered. The legislative authorities of the state and county have had the opportunity to adapt to the holding and have done so. We express no opinion as to whether *Ray Smith* requires the refund of all taxes covered by the protest.

We have consistently held that taxes, once paid, can only be recovered through proper statutory proceedings, and that the statutes must be adhered to.[7] This holding does not depart from prior decisions. The taxpayers must show that they comply with the requirements of § 139.290, which specifically requires that the "money collected under said illegal levy is either in the county treasury or within the control of the

county commission." This is a matter of proof on remand. It is of no concern that the money may be within the control of the county commission only because of the prior, unmeritorious protests (if such is the fact). The statute balances the interest of the county in being able to rely on its unencumbered collections against the interest of the taxpayer in paying only lawful taxes. This line is drawn at the point of control.

█ The trial court correctly dismissed the unjust enrichment point. As the cases cited in notes 6 and 7 show, the statutory remedies for recovery of taxes paid are exclusive.

The judgment on Count I is reversed and the case is remanded for further proceedings not inconsistent with this opinion. The judgment dismissing Count II is affirmed.

All concur.

---

7. *B & D Investment Company, Inc. v. Schneider,* 646 S.W.2d 759 (Mo. banc 1983); *Westglen Village Associates v. Leachman,* 654 S.W.2d 897 (Mo. banc 1983); *Adcor Realty v. State Tax Commission,* 627 S.W.2d 604 (Mo. banc 1982); *Boyd–Richardson Co. v. Leachman,* 615 S.W.2d 46 (Mo. banc 1981); *Metal Form Corp. v. Leachman,* 599 S.W.2d 922 (Mo. banc 1980); *Nexus Rent–A–Car, Inc. v. Nash,* 747 S.W.2d 683 (Mo. App.1988).