STATE ex rel. Janette LOHMAN,
Director of the Department
of Revenue, Relator,

v.

Honorable Thomas J. BROWN,
III, Respondent.

No. WD 53026.

Missouri Court of Appeals,
Western District.

Submitted Sept. 10, 1996.

Decided Jan. 14, 1997.

Jeremiah W. (Jay) Nixon, Atty. Gen., Edward F. Downey, Asst. Attorney General, Jefferson City, for Relator.

Tyrone A. Taborn, City Counselor, St. Louis, for Amicus Curiae.

James C. Owen, Chesterfield, for Respondent.

Before SMART, P.J., and LAURA DENVIR STITH and EDWIN H. SMITH, JJ.

SMART, Presiding Judge.

This case involves novel issues related to the authority of a trial court to authorize procedures to assist non-party taxpayers in obtaining refunds of taxes illegally collected. Because we conclude that the trial court in this case has no authority to conduct a **de facto** class action suit in a refund case, we make our preliminary writ in prohibition permanent.

The issues in this case arise out of an underlying action brought by three plaintiffs who paid "local use tax" pursuant to § 144.748, RSMo Supp.1992. In their suit, the plaintiffs, Bernadette Business Forms, Inc., Scholin Brothers Printing Co., Inc., and Sports and Fitness Management Corporation, brought an action against the Director of Revenue and the Department of Revenue seeking a writ of mandamus and a declaration that the Director of Revenue has violated § 610.022, RSMo 1994, the Missouri Open Meetings Law (the "Sunshine Law"). Plaintiffs in this action also sought the appointment of a receiver to manage claims for refund of taxes.

### Factual Background

Beginning July 1, 1992, the Department of Revenue was authorized by statute to collect a use tax for the benefit of local governments in addition to the use tax authorized by § 144.610, RSMo 1986. The new statute, § 144.748, provided for the collection of an

additional use tax in the amount of one and one-half percent upon all transactions subject to tax under §§ 144.600 to 144.745.

This new tax was challenged by taxpayers on constitutional grounds. The case challenging the statute ultimately reached the Supreme Court of the United States. *Associated Industries of Missouri v. Lohman,* 511 U.S. 641, 114 S.Ct. 1815, 128 L.Ed.2d 639 (1994). The Supreme Court held the new tax unconstitutional in that it impermissibly discriminated against interstate commerce in the counties where the local sales tax is less than 1.5%. The court remanded the case to the state courts to establish a method of implementation which would alleviate the impact on interstate commerce. Ultimately, the Missouri Supreme Court determined that § 144.748 could not be constitutionally applied as written. *Associated Industries of Missouri v. Director of Revenue,* 918 S.W.2d 780 (Mo. banc 1996). The court, therefore, struck down the statute in its entirety. *Id.*

### The Underlying Litigation in this Case

The plaintiffs in this case are taxpayers who paid this tax prior to the declaration of its invalidity. They seek a refund of the use taxes paid pursuant to the invalidated statute. The Department of Revenue acknowledges the invalidity of § 144.748, but has failed to respond to plaintiffs' refund claims. Plaintiffs contend they are entitled to an order compelling the Department of Revenue to request that the General Assembly "appropriate and set aside funds for the refunds of taxes," and to pay the refunds to the taxpayers pursuant to § 144.200 and § 144.696, RSMo 1994.

Count II of plaintiffs' petition asserted rights under the Sunshine Law, §§ 610.010 RSMo 1994 *et seq.* Plaintiffs allege that on April 11, 1996, they sent a formal request to the Director of Revenue seeking information accumulated since January 1, 1993, as to the name, address and telephone number of each taxpayer who paid use taxes in the State of Missouri. The Director refused to provide such information, relying upon § 32.057.1, which provides that it shall be unlawful for the Director "to permit the inspection or use of or to divulge to anyone any information"

related to tax returns filed with the department. Plaintiffs contend that § 32.057.2(2)(b) creates an exception to the exception to the Sunshine Law. This subsection authorizes, as an exception to the rule of non-disclosure, publication of "[t]he names and addresses without any additional information" of persons who filed tax returns. Plaintiffs seek a declaration that the Director has violated the law, and also seek to recover civil fines and attorneys' fees.

In Count III, Plaintiff Sports and Fitness Management Corporation contends it is impractical for many taxpayers to pursue a refund claim because the amounts in many cases are relatively small, and because many taxpayers are uninformed about the invalidity of the tax. Plaintiffs allege further that under decisional law and Rule 68.02, the court has authority to appoint a receiver because it "appears ... that a receiver is necessary to keep, preserve and protect any ... business interest or property." Rule 68.02. Plaintiff Sports and Fitness contends that irreparable damage will be suffered by the taxpayers unless a receiver is appointed to "manage the moneys which must be refunded to the taxpayers."

The three counts of the petition, therefore, are clearly designed to benefit not only the named plaintiffs, but also other taxpayers who have failed to pursue refund claims. In the meantime, the Director of Revenue has been dealing with litigation from the other side of the aisle. Also pending at the time Plaintiffs' action was filed were actions filed against the Director of Revenue by local governments challenging the Director's authority to process and issue refunds. The local governments obtained a temporary restraining order preventing the Director from processing refund applications and paying refunds. These cases also remain pending in the Circuit Court of Cole County. The Director of Revenue is thus unable to pay refunds until further order of the court.

The Director answered the petition of these plaintiffs in the underlying litigation, and moved to dismiss for failure to state a claim upon which relief can be granted. On July 8, 1996, Respondent, the Honorable Thomas Brown, held a hearing regarding

Count II (involving the open records law) and Count III (involving the request for a receivership) and took those matters under submission. On July 15, Respondent Brown informed the attorneys he would enter an order requiring the Director to furnish to a receiver the names and addresses of all taxpayers who had paid use tax. The Court then planned to direct the receiver to send notices to all of those taxpayers, informing them of their right to claim refunds. Judge Brown also advised counsel that he would order the Director to disclose to plaintiffs and their attorneys a list of all persons who paid use tax, but who had not already paid under protest or filed a refund application. The Director, while objecting to the proposed order, requested that if Judge Brown did enter such an order, the Director be allowed to serve as the "receiver" for purposes of issuing the notices so that the confidentiality of taxpayers could be maintained. On July 16, Respondent Judge Brown issued an order: 1) directing the Director to provide plaintiffs and their attorneys a list of names and addresses of persons who filed use tax returns and did not pay under protest or file a refund application; 2) establishing a receivership, appointing the Director of Revenue as receiver, and directing her, before the close of business of Friday, July 19, to mail out notices to taxpayers advising them of their right to file an application for refund; and 3) requiring that the taxpayer information be produced to plaintiffs and their attorneys, to be kept confidential by the parties.

On July 24, 1996, we issued a preliminary order in prohibition directing respondent to cease enforcement of his order with regard to the production of the names and addresses of persons who filed use tax returns, and prohibiting respondent from further utilizing or granting authority to the receivership established. At that time, the issue as to the notice to taxpayers of their right to file an application for refund was moot, because the Director had already mailed the notice in compliance with the court order. The other issues then remained, and still remain, in controversy. Now, after consideration of the briefs and the arguments of the parties, we make permanent the preliminary writ of prohibition issued July 24, 1996.

### *Ruling*

■ While we respect the intentions of the trial court to assist taxpayers with refunds, we find no authority for the court's order of July 16, 1996. We turn first to the matter of the names and addresses of taxpayers. There is no showing that the court has authority to direct the Department of Revenue to release the names and addresses of taxpayers who filed use tax returns and have not already paid under protest or filed a refund application. The names and addresses of such other taxpayers are not pertinent to plaintiffs' pending action. It is well established that class actions are not available in tax refund cases in Missouri. *State ex rel. Ellsworth Freight Lines, Inc. v. State Tax Commission,* 651 S.W.2d 130, 132 (Mo. banc 1983), *cert. denied,* 465 U.S. 1001, 104 S.Ct. 1019, 79 L.Ed.2d 223 (1984); *Charles v. Spradling,* 524 S.W.2d 820, 823 (Mo. banc 1975).

■ The State of Missouri may not be sued without its consent, and statutes that waive the immunity of the sovereign and consent to suit are to be strictly construed. *Charles,* 524 S.W.2d at 823. The state has not consented to class actions in claims for refunds. *Id.* Because refund claims of plaintiffs may be adjudicated individually, *Ellsworth,* 651 S.W.2d at 133, the additional taxpayers are not necessary parties under Rule 52.04(a)(2). Therefore, the names and addresses of the taxpayers are not necessary to the further prosecution of plaintiffs' claims for refunds. Plaintiffs have also made no showing that such names and addresses would be relevant to any issue in the case, or that this information is "reasonably calculated to lead to the discovery of admissible evidence." Rule 56.01(b)(1). Thus, it is not within the scope of discovery in this lawsuit. In addition, the taxpayer information is made confidential pursuant to § 32.057.1. The only exception, apart from disclosure by court order where such information is directly pertinent to the issues of a pending action, is the exception permitting the Director to publish the names and addresses, "without additional information," of persons who have filed tax returns. However, the plaintiffs are

not interested in the name and address of *all persons filing returns*. The plaintiffs want the Director to segregate out the identities of those who filed *use tax returns and have not pursued a refund* so that the taxpayers can be contacted about the pursuit of a refund claim. In other words, the plaintiffs want information as to persons eligible to join in the refund litigation. Plaintiffs want a *de facto* class action. The order of the trial court reveals that the true intention of the order is to get the information into the hands of plaintiffs' attorneys because it directs plaintiffs and their attorneys to keep the information confidential. The "Sunshine Law," of course, is not designed merely as a tool for one litigant to obtain information from another. The law has to do with *public* availability of information. The court's order that plaintiffs must keep the information confidential upon receipt of it from the Director is not consistent with the statutory concern about the *public* availability of information. In any event, whatever the court's concern may be, we conclude that § 32.057.1 precludes the release of this information.

 Finally, since no class action is authorized, there is no money or property to be managed by any receiver. Respondent's order suggests there may be authority for a receivership under the equitable doctrines of "virtual representation." Respondent cites *Robinson v. Nick*, 235 Mo.App. 461, 136 S.W.2d 374 (1940), as authority for this proposition. The Director correctly points out, however, that the doctrine of virtual representation was an equitable precursor to today's class action procedure and has been applied only in the case of voluntary unincorporated associations such as labor unions. We find no authority for the suggestion that such a doctrine may be employed in a tax refund case. Because class actions are not available in tax refund cases, the trial court cannot authorize a class action under the guise of a different label. *See Ellsworth*, 651 S.W.2d at 132.

### Conclusion

We agree with the Director of Revenue that, in spite of respondent's good intentions, the court simply lacks authority for the or-ders issued here. The legislature has established a policy with regard to claims for refunds. The courts are not entitled to judicially amend the statutes to provide for a different or additional process of arranging for taxpayer refunds.

The preliminary order is made absolute. Respondent is prohibited from enforcing that portion of the order of July 16, 1996, directing the disclosure to plaintiffs of names and addresses of persons filing use tax returns, and respondent is further prohibited from utilizing or implementing a receivership pursuant to said order.

SO ORDERED.

All concur.