H.S. CONSTRUCTION COMPANY, A Missouri Corporation, Appellant,

v.

Honorable Janette M. LOHMAN, Director of Revenue, State of Missouri, Respondent.

No. WD 53983.

Missouri Court of Appeals, Western District.

Aug. 26, 1997.

Rexford Caruthers, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Edward F. Downey, Asst. Atty. Gen., Jefferson City, for Respondent.

HANNA, Judge.

The plaintiff's lawsuit attempts to establish a class action to recover illegally collected use taxes levied under § 144.748, RSMo 1994. The statute provided for an additional use tax in the amount of 1.5 percent on all transactions which were subject to the current use tax then in effect. The Missouri Supreme Court struck down § 144.748 as unconstitutional. *Associated Industries of Missouri v. Director of Revenue,* 918 S.W.2d 780 (Mo. banc 1996).

Section 144.748 authorized the imposition of this additional 1.5 percent by county and municipal governments on the sale of tangible personal property purchased outside the state and stored, used or consumed within their jurisdiction. The United States Supreme Court held the statute unconstitutional in that it impermissibly discriminated against interstate commerce in the counties where the local sales tax is less than 1.5 percent. *See, Associated Industries of Missouri v. Lohman,* 511 U.S. 641, 114 S.Ct. 1815, 128 L.Ed.2d 639 (1994). The Supreme Court remanded the case to the Missouri Supreme Court to establish a method of im-

plementation which would alleviate the impact on interstate commerce. *Id.* at 654, 114 S.Ct. at 1824. The Missouri Supreme Court determined that § 147.748 could not be constitutionally applied as written, and struck down the statute in its entirety. *See, Associated Industries of Missouri*, 918 S.W.2d at 785.

Plaintiff, H.S. Construction Company, filed an action in the circuit court of Cole County against the Director of Revenue on behalf of a class comprised of all taxpayers in the State of Missouri who have paid the use tax. The petition for injunctive relief prays for the name and address of each taxpayer who paid the taxes imposed by § 144.748, the amount and date paid, and the name and address of all taxpayers on whom an additional assessment has been made for taxes imposed by § 144.748. The plaintiff filed a motion requesting that the trial court certify the action as a class action, establish a trust fund approved by the court to be administered by the plaintiff on behalf of all members of the class, and appoint its law firm as the legal representative of the class.

The Director filed a motion to dismiss which was sustained by the trial court. The plaintiff filed their appeal with the Missouri Supreme Court, which transferred the case to this court.

In its first point, the plaintiff argues that Title X, § 144.190, waives sovereign immunity as the Supreme Court held in *Community Federal Sav. & Loan Ass'n v. Director of Revenue*, 752 S.W.2d 794, 798 (Mo. banc), *cert. denied*, 488 U.S. 893, 109 S.Ct. 231, 102 L.Ed.2d 221 (1988). The statute provides, in relevant part:

> 2. If any tax, penalty or interest has been ... erroneously or illegally collected, ... such sum shall be credited on any taxes then due from the person legally obligated to remit the tax under sections 144.010 to 144.510, and the balance, with interest as determined by section 32.065, RSMo, shall be refunded to the person legally obligated to remit the tax, but no such credit or refund shall be allowed unless duplicate copies of a claim for refund are filed within three years from date of overpayment.

■ The courts of this state have consistently held that the state may not be sued without its consent. *Kleban v. Morris*, 363 Mo. 7, 247 S.W.2d 832, 836 (1952). Sovereign immunity rests on public policy grounds, *id.* 247 S.W.2d at 836, balancing the interest of the government in being able to rely on its unencumbered collections against the interest of the taxpayer in paying only the lawful taxes. *Ackerman Buick, Inc. v. St. Louis County*, 771 S.W.2d 343, 346 (Mo. banc 1989). Our courts have determined that § 144.190 provides a method by which taxes illegally imposed and collected may be returned to the taxpayer. *Charles v. Spradling*, 524 S.W.2d 820, 823 (Mo. banc 1975). We agree that § 144.190 authorizes the director to refund monies erroneously or illegally collected. *See, Kleban v. Morris*, 247 S.W.2d at 833–34; *Hern v. Carpenter*, 312 S.W.2d 823, 828 (Mo.1958)(citing *Kleban*, the court in *Hern* notes that § 144.190 provides the exclusive method for the recovery of sales taxes).

■ The issue, therefore, is whether the plaintiff may establish a class action as a means of recovering the illegally collected taxes. The plaintiff proposes to include "each and every person, firm, partnership and corporation in the state of Missouri" who paid the tax imposed by § 144.748. Plaintiff asserts that the claims for relief present questions of law and fact common to the class. The plaintiff argues that its position is supported by *Beatty v. Metropolitan St. Louis Sewer Dist.*, 914 S.W.2d 791 (Mo. banc 1995)(*Beatty II* ).

In *Beatty v. Metropolitan St. Louis Sewer Dist.*, 867 S.W.2d 217 (Mo. banc 1993) (*Beatty I*), the court declared that a rate increase by the Metropolitan St. Louis Sewer District (Sewer District) violated Article X, § 22(a) of the Missouri Constitution in that the increase was not approved by the voters. *Id.* at 221. On remand, the St. Louis County Circuit Court found that the suit was brought by three individual plaintiffs as a "representative taxpayer" and ordered the Sewer District to credit all of its customers' periodic bills as a method of refund. The Sewer District again appealed to the Supreme Court. In *Beatty v. Metropolitan St. Louis*

*Sewer District,* 914 S.W.2d 791 (Mo. banc 1995) (*Beatty II* ), the Missouri Supreme Court held that refunds to the plaintiffs were due to them alone and their claim did not comprise a "representative taxpayer" lawsuit in lieu of a class action. *Id.* at 795. The court noted that a class action was worthy of consideration, if it complied with Rule 52.08 V.A.M.R. *Id.*

However, the waiver of immunity by the Sewer District, set forth in Ord. 8657, § 12, contained no procedures for claiming credits of overpaid charges. Likewise, the Hancock Amendment, which was the basis for the *Beatty I* court's holding that the charges could not be increased without prior voter approval, does not provide procedures for relief when the court finds a violation of Article X, § 22. Thus, both the Sewer District's waiver and the Hancock Amendment left for the court the job of fashioning remedial procedures. The *Beatty* cases are not of assistance here, because a remedy for taxpayer redress has been provided for by the legislature.

▮ Section 144.190 provides a limited waiver of sovereign immunity. *See, Community Fed. Sav. & Loan Ass'n,* 752 S.W.2d at 798. *See also, Community Fed. Sav. & Loan Ass'n v. Director of Revenue,* 796 S.W.2d 883, 885 (Mo. banc 1990). Section 144.190 designates the procedure to be followed by the taxpayer in obtaining relief via a refund. In *Charles v. Spradling,* 524 S.W.2d at 823, the Supreme Court rejected the class action procedure that is suggested here by plaintiffs, and held that § 144.190 set forth the exclusive remedy. After noting, on public policy grounds, that the law discourages suits for recovery of taxes illegally collected, the court stated that "it is for this reason of policy that the remedy of a refund, including [the] time in which it must be filed, is the exclusive remedy." *Id.* at 823. The court held that:

When a state consents to be sued, it may be sued only in the manner and to the extent provided by the statute; and the state may prescribe the procedure to be followed and such other terms and conditions as it sees fit.

*Id. See also, State ex rel. Ellsworth Freight Lines, Inc. v. State Tax Comm'n of Missouri,* 651 S.W.2d 130, 132 (Mo. banc 1983) *cert. denied,* 465 U.S. 1001, 104 S.Ct. 1019, 79 L.Ed.2d 223 (1984). The plaintiff's suggested method of collection is by means of a class action, which is not permitted by the limited waiver of § 144.190. The prescribed statutory remedies for recovery of the taxes paid are exclusive. *Ackerman Buick, Inc. v. St. Louis County,* 771 S.W.2d at 346. Our courts "have consistently held that taxes, once paid, can only be recovered through proper statutory proceedings, and that the statutes must be adhered to." *Id.* The procedure set forth in § 144.190 does not contemplate a class action lawsuit as a means of recovery. "The legislature has established a policy with regard to claims for refunds. The courts are not entitled to judicially amend the statutes to provide for different or additional process of arranging for taxpayer refunds." *State ex rel. Lohman v. Brown,* 936 S.W.2d 607, 611 (Mo.App.1997).[1] Thus, the plaintiff's petition fails to state a claim upon which relief may be granted and the circuit court correctly dismissed the lawsuit.

Judgment affirmed.

LAURA DENVIR STITH, P.J., and BRECKENRIDGE, J., concur.

---

1. The appellant argues that all prior cases which restrict the use of class actions in taxpayer suits are not applicable here, because the prior cases involved taxes deposited into the state treasury, and the taxes at issue here were to be paid directly to the relevant political subdivisions. This court has recently ruled, however, that local use taxes illegally collected pursuant to § 144.748, are also not subject to taxpayer class actions. *State ex rel. Lohman v. Brown,* 936 S.W.2d 607 (Mo.App.1997). "It is well established that class actions are not available in tax refund cases in Missouri." *Id.* at 610.