Theresa **BEARD, et al., Appellants,**

v.

**MISSOURI STATE EMPLOYEES'
RETIREMENT SYSTEM, et
al., Respondents.**

No. SC 92142.

Supreme Court of Missouri,
En Banc.

Aug. 28, 2012.

Sidney E. Wheelan, Christian L. Faiella and Cassie J. Carpenter of Tatlow, Gump, Faiella & Wheelan LLC, Moberly, for the heirs.

Allen D. Allred and Jeffrey R. Fink of Thompson Coburn LLP, St. Louis, for MOSERS.

Ronald R. Holliger, Attorney General's Office, for the State.

GEORGE W. DRAPER III, Judge.

Laurel Beard (hereinafter, "Beard"), deceased, and her assigned heirs, Theresa Beard and Beth Carll (hereinafter and collectively, "Plaintiffs"), appeal the trial court's judgment against them in their challenge to the constitutional validity of section 104.1030, RSMo 2000.[1] Plaintiffs raise two issues on appeal claiming: (1) the trial court wrongfully interpreted section 104.1030; and (2) section 104.1030 is unconstitutional for vested members of the Missouri State Employees' Retirement System (hereinafter, "MOSERS") who have filed for retirement but die before their annuity start date.

**Facts and Procedural Background**

Beard worked for the Missouri Department of Corrections for more than 26 years. As a state employee, Beard was a member of MOSERS.

On June 18, 2009, Beard filed her application for retirement with MOSERS. Beard indicated August 1, 2009, as her retirement date which also was her annuity starting date. Since Beard was em-

**1.** All further statutory references herein are to RSMo 2000.

ployed by the State before July 1, 2000, she was provided a written comparison of her coverage under the "closed plan" and potential coverage under the "year 2000 plan." Beard was required to elect which plan she wanted. On June 30, 2009, Beard filed her retirement election form with MOSERS, indicating she elected to change from the closed plan to the year 2000 plan.

Beard died on July 29, 2009. At the time of her death, Beard had no surviving spouse or dependent children who were either under the age of 21 years or totally incapacitated. Beard had not retired and still was an employee of the Department of Corrections.

Following Beard's death, Plaintiffs requested MOSERS to distribute Beard's retirement benefits to them as Beard's designated beneficiaries. In January 2010, MOSERS' board of trustees determined Plaintiffs were not entitled to retirement or survivor benefits because Beard died prior to her annuity starting date and did not have a surviving spouse or dependent children.

On April 15, 2010, Plaintiffs filed suit, seeking review of the MOSERS decision denying benefits. After a bench trial, the trial court entered judgment in favor of MOSERS, denying Plaintiffs Beard's retirement benefits. Plaintiffs bring this appeal.

### (1) Application of section 104.1030

Plaintiffs allege the trial court wrongly interpreted section 104.1030 in denying them retirement benefits. Plaintiffs claim section 104.1030 is ambiguous and argue Beard was a vested member of MOSERS whose beneficiaries were improperly denied Beard's retirement benefits because she died before her retirement date.

■ Statutory construction is a matter of law. *Theerman v. Frontenac Bank,*

308 S.W.3d 756, 764 (Mo.App. E.D.2010). When engaging in statutory construction, the primary purpose is to ascertain the legislature's intent from the language used to give effect to that intent if possible. *Morse v. Director of Revenue,* 353 S.W.3d 643, 645 (Mo. banc 2011). "Presumably, the legislature does not insert superfluous language in a statute." *Cook v. Newman,* 142 S.W.3d 880, 889 (Mo.App. W.D.2004).

When Beard decided to retire, she was required to elect whether she wanted her retirement benefits to be administered by the closed plan or the year 2000 plan. Beard elected coverage under the year 2000 plan.

The payment of the annuity for the death of a vested member who has retired under the year 2000 plan is governed by section 104.1030. Section 104.1030.1 states: "If a member with five or more years of credited service or a vested former member dies before such member's or such vested former member's annuity starting date, the applicable annuity *provided in this section* shall be paid." (emphasis added). This section provides that if the member dies before the annuity's start date, the member's annuity shall be paid to a surviving spouse or to dependent children. Sections 104.1030.2 and 104.1030.3. However, there is no provision in this section allowing a member's annuity to be paid to a designated beneficiary if the member were to die prior to the annuity's start date when the member was still an employee. Had the legislature intended to allow the payment of a member's annuity to a designated beneficiary regardless of when the member died, it could have done so. Accordingly, the courts are limited by the plain language of the statute governing the death of a vested member prior to the member's annuity start date.

■ In this case, Beard was an employee when she died. At the time of her

death, she did not have a surviving spouse nor did she have dependent children. Accordingly, the trial court applied section 104.1030.1 properly, denying Plaintiffs' request for Beard's retirement benefits.

### (2) Constitutional validity of section 104.1030

Plaintiffs claim the trial court erred in granting judgment in favor of MOSERS because section 104.1030 is unconstitutional on its face or as applied to vested members of MOSERS who have filed for retirement and die before their annuity start date. Plaintiffs argue the Missouri Constitution protects an individual's right to the enjoyment of the gains from her own industry, provides no person shall be deprived of her property without due process of law, and provides that no law shall impair the obligations of contracts.

▉ This Court reviews the constitutional validity of a statute *de novo. Gurley v. Missouri Bd. of Private Investigator Examiners,* 361 S.W.3d 406, 411 (Mo. banc 2012). "A statute is presumed valid and will not be held unconstitutional unless it clearly contravenes a constitutional provision." *In re Brasch,* 332 S.W.3d 115, 119 (Mo. banc 2011). This Court "resolve[s] all doubt in favor of the [statute's] validity" and in doing so should make every reasonable intendment to sustain its constitutional validity. *Ocello v. Koster,* 354 S.W.3d 187, 197 (Mo. banc 2011) (quoting *Westin Crown Plaza Hotel Co. v. King,* 664 S.W.2d 2, 5 (Mo. banc 1984)). "The person challenging the statute's validity bears the burden of proving the act clearly and undoubtedly violates the constitution." *Kansas City Premier Apartments, Inc. v. Missouri Real Estate Com'n,* 344 S.W.3d 160, 167 (Mo. banc 2011) (quoting *In re Brasch,* 332 S.W.3d at 119).

Plaintiffs raise three constitutional challenges. First, Plaintiffs claim section 104.1030 is unconstitutional in that it violates the equal protection clauses of the United States and Missouri constitutions. Article I, section 2 of the Missouri Constitution provides, in pertinent part, "[T]hat all persons have a natural right to life, liberty, the pursuit of happiness and the enjoyment of the gains of their own industry." Missouri's equal protection clause provides the same protections as the United States Constitution. *In re Care and Treatment of Coffman,* 225 S.W.3d 439, 445 (Mo. banc 2007). Second, Plaintiffs claim section 104.1030 is unconstitutional in that it deprived Beard of her property without the due process of law in violation of article I, section 10 of the Missouri Constitution. Finally, Plaintiffs claim section 104.1030 impairs the obligations the state owes her under its contract with her in violation of article I, section 13 of the Missouri Constitution, which states, "That no ex post facto law, nor law impairing the obligation of contracts, or retrospective in its operation, or making any irrevocable grant of special privileges or immunities, can be enacted."

▉ Each of Plaintiffs' constitutional challenges are premised upon the assumption Beard was entitled to receive retirement benefits based upon her contract with the State and that Plaintiffs were deprived of these benefits. If this were the factual scenario before this Court, each constitutional issue would be examined and analyzed to determine whether any constitutional violation occurred. However, under the terms of the contract Beard signed, she was not eligible to receive her retirement benefits until she retired. Beard died before she retired, and hence, Plaintiffs, as her designated beneficiaries, were not entitled to benefits pursuant to

section 104.1030.[2]   It was Beard who chose to sign the contract that provided this limitation on her future retirement benefits.   To enforce her contract does not involve any impairment of contract nor does it otherwise violate any constitutional provision.   Because Beard was not eligible for retirement benefits at the time she died because she had not retired, she was not deprived of property, with or without due process of law. *Geary v. Missouri State Employees' Retirement System,* 878 S.W.2d 918, 925 (Mo.App. W.D.1994).

### Conclusion

Beard died when she was an employee without a surviving spouse or dependent children.   Had Beard survived to begin her retirement, Plaintiffs, as her designated beneficiaries, may have been awarded money based upon their status as beneficiaries.   The trial court properly applied the plain language of section 104.1030.   As Beard contractually agreed to the terms of the year 2000 plan, she is bound by them.   There is no need for this Court to reach the constitutional issues raised.   The judgment is affirmed.

TEITELMAN, C.J., RUSSELL, BRECKENRIDGE, FISCHER and STITH, JJ., concur.

---

**2.** There is no allegation Beard was denied   benefits as an employee.